UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                                 Case No. 11-17047-LMI

FISHER ISLAND INVESTMENTS, INC.,                  Chapter 11
                                                                           (Involuntary)
             Debtor.
_____/

## MOTION FOR APPOINTMENT OF CHAPTER 11 INTERIM TRUSTEE

Petitioning Creditors, Solby+Westbrae Partners ("Solby"), 19 SHC, Corp. ("19 SHC"), Ajna Brands, Inc. ("Ajna"), 601/1700 NBC, LLC ("601/1700 NBC"), Axafina, Inc. ("Axafina") and Oxana Adler, LLM ("Adler"), by and through their undersigned counsel and pursuant to 11 U.S.C. §§ 105, 303 and 1104, respectfully move this Court for the entry of an Order appointing a Chapter 11 Interim Trustee in this involuntary Chapter 11 case filed against Fisher Island Investments, Inc., Mutual Benefits Offshore Fund, Ltd., and Little Rest Twelve, Inc. In support of the requested relief and as good grounds for same, Petitioning Creditors allege as follows:

## FACTUAL BACKGROUND

1. Solby, 19 SHC, Ajna, 601/1700 NBC, Axafina and Adler (collectively, the "Petitioning Creditors") are the Petitioning Creditors in this Chapter 11 case having filed Involuntary Chapter 11 Petitions against the Alleged Debtors, Fisher Island Investments, Inc. ("Fisher Island"), Mutual Benefits Offshore Fund, Ltd. ("Mutual Benefits"), and Little Rest Twelve, Inc. ("Little Rest") (collectively, the "Alleged Debtors") on March 17, 2011 (the "Petition Date").

2. The Petitioning Creditors are owed in excess of $32.4 million by the Alleged Debtors pursuant to various Promissory Notes (including assignments thereof), Invoices for

Licensing Services, Trade Debt and Professional Services rendered.

3. At all material times hereto, Fisher Island has served as a holding company for various subsidiaries and other entities developing and managing real estate holdings in Fisher Island, Florida

4. At all material times hereto, Mutual Benefits has served as a private investment fund with respect to certain viatical insurance policies purchased from the now defunct Mutual Benefits Corp.

5. At all material times hereto, Little Rest has operated a landmark restaurant located in the state of New York and having its principal executive office in Miami Beach, Florida.

6. Prior to the Petition Date, a dispute arose between the Alleged Debtors and certain third parties who claim equity ownership in the Alleged Debtors. As a result of same, said third parties forcibly ejected the legitimate management and the board of directors of the Alleged Debtors from their various business premises without the benefit of a court order. Currently, there are pending litigations in Florida and New York touching upon some aspects of the dispute.

7. Upon information and belief, the Alleged Debtors believe the equity claims to be frivolous. However, the fact that the third parties presently have physical possession of the Alleged Debtors' premises, and control of their assets and resulting revenues, stands to prevent the Petitioning Creditors, and any other creditor(s), from collecting their legitimate debts.

8. More importantly, upon information and belief, the Alleged Debtors have never disputed, and do not now dispute, any portion of their debt to the Petitioning Creditors, and the Alleged Debtors are prepared to enter into repayment arrangements with the Petitioning Creditors but for the third parties' interference with and control over the Alleged Debtors, including their business operations and revenues.

9. Furthermore, upon information and belief, the third parties' physical control over the Alleged Debtors' assets has already resulted in the potential depletion and/or dissipation of the Alleged Debtors' estate. For example, upon information and belief and unbeknown to the Alleged Debtors, the third parties have previously attempted to sell certain properties located on Fisher Island which were owned by the Alleged Debtor Fisher Island. But for the Alleged Debtors' last minute *lis pendens* filings, the proposed sales most likely would have closed with the resulting proceeds going directly to the third parties.

10. Likewise, Little Rest operates a successful restaurant in New York City which is producing ongoing revenue presently not being used for the benefit of the Alleged Debtor or their creditors. Moreover, Little Rest is licensed by the New York State Liquor Authority for the on-premises retail liquor sale. Petitioning Creditors believe that in the event a licensed retailer under New York Law is subject to bankruptcy proceedings the license is temporarily suspended and may be re-instated at the request of a trustee in bankruptcy. The liquor license is a valued asset which should be preserved in the gap period, and in so far as there is no immediate Trustee or Debtor in Possession during the gap period, the pending ownership dispute poses risk of loss to the value of the restaurant and the license. The loss or suspension of the liquor license will pose significant loss of revenue and value to the going concern business operations.

11. With respect to Mutual Benefits, on or about April 24, 2010, the law firm of Gusrae Kaplan Bruno & Nussbaum ("Gusrae Kaplan"), which represents the third parties claiming equity ownership in Mutual Benefits and the other Alleged Debtors (and purports to act for the Alleged Debtors) filed a UCC financing statement against Mutual Benefits' sole asset - viatical insurance policies held by the Receiver of the now defunct Mutual Benefits Corp. – and listing itself as "secured party". The Petitioning Creditors believe that this filing is an avoidable

transfer and at a minimum an attempt to divest Mutual Benefits of assets for the benefit of insiders at the expense of creditors.

12. A trustee is necessary to prevent further loss and preserve the assets of the Alleged Debtors.

**REQUESTED RELIEF**

13. As a result of the above, the appointment of an Interim Trustee is necessary to protect and preserve this Estate.

14. By way of this Motion, Petitioning Creditors request the appointment of an Interim Trustee to take control and possession of the assets of the Alleged Debtors pending a hearing on the Involuntary Petition or the entry of an Order for Relief. Petitioning Creditors respectfully submit that absent the appointment of an Interim Trustee, there is a substantial likelihood that the businesses and assets of the Alleged Debtors will be further depleted and/or dissipated completely.

15. For purposes of this motion, it is irrelevant which party ultimately prevails in the dispute. Rather, during the course of the dispute, the Petitioning Creditors' concern relates directly to (a) the preservation of the Alleged Debtors' assets, and (b) ensuring there is someone in place with unequivocal authority to act on behalf of the Alleged Debtors and to act as a fiduciary for the benefit of all creditors of this estate.

16. Section 303(g) of the Bankruptcy Code provides that upon the request of a party, the Court may appoint an interim trustee "if that relief is necessary to preserve the property of the estate and to prevent loss to the estate." 11 U.S.C. § 303(g); *see also In the Matter of R.S. Grist Co.*, 16 B.R. 872, 873 (Bankr. S.D. Fla. 1982); *In re Dilorenzo*, 161 B.R. 752 (Bankr. S.D.N.Y. 1993).

17. While Section 303(g) authorizes the appointment of an interim trustee in involuntary Chapter 7 cases prior to the entry of an Order for Relief, there is additional authority for a Court to utilize the provisions of Section 105 of the Bankruptcy Code to appoint an interim trustee under appropriate circumstances. *In re Professional Accountants Referral Services, Inc.*, 142 B.R. 424, 429 (Bankr. D. Col. 1992) (holding that in involuntary chapter 11 case, appointment of interim trustee during "gap" period, or prior to the entry of an order for relief was "authorized and proper under 11 U.S.C. §§ 1104(a)(1), 105, and by analogy 303(g)"); *see also In re Alpine Lumber & Nursery*, 13 B.R. 977 (Bankr. S.D. Cal. 1981) (finding appointment of an interim trustee was warranted in an involuntary chapter 11 case under 11 U.S.C. § 303(g)).

18. In support of its ruling, the Court in *Professional Accountants* stated, in pertinent part, as follows:

> While a trustee appointed under Chapter 11 is not an interim trustee under § 303(g), that section is instructive. At any time after the commencement of an involuntary case under Chapter 7 of that title but before an order for relief the court may appoint an interim trustee under § 701 of that title. 11 U.S.C.S. § 303(g). *The Court infers that Congress intended a similar result under the provisions of § 1104(a)(1)* absent a specific limitation to cases commenced under Chapter 7 of the Bankruptcy Code either by the express terms of § 303(g) or by the placement of § 303(g) in an article applicable to Chapter 11 and not with those sections peculiar to Chapter 7 alone.

19. *Id*. at 431 (Emphasis added).

20. Accordingly, the appointment of an Interim Trustee is necessary to preserve the Alleged Debtors' assets under the circumstances of this case and appropriate pursuant to applicable case law.

WHEREFORE, Petitioning Creditors, respectfully request that this Court enter an Order appointing an Interim Trustee pending a Final Hearing on the Involuntary Petition and granting

such other and further relief as this Court deems just and proper.

Dated this 18th day of March, 2011.

> I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).
>
> **RICE PUGATCH ROBINSON & SCHILLER, P.A.**
> *Attorneys for Petitioning Creditors*
> 101 N.E. Third Avenue, Suite 1800
> Fort Lauderdale, FL 33301
> Telephone:  (954) 462-8000
> Facsimile:  (954) 462-4300
>
> By:   /s/ Chad P. Pugatch
>         Chad P. Pugatch, Esq.
>         Florida Bar No. 220582
>         Craig A. Pugatch, Esq.
>         Florida Bar No. 653381

J:\WPDocs\4732 Fisher Island\Motion for Appointment of Chapter 11 Interim Trustee Fisher Island.docx