

**ORDERED in the Southern District of Florida on March 16, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                  Case No. 11-17047-BKC-AJC

FISHER ISLAND INVESTMENTS, INC.,                        Chapter 11
                                                        (Involuntary)

        Debtor,

_____/

In re:                                                  Case No. 11-17061-BKC-AJC

LITTLE REST TWELVE, INC.,                               Chapter 11
                                                        (Involuntary)

        Debtor,

_____/

**ORDER GRANTING MOTION TO RECONSIDER AND VACATE
ORDER DISMISSING APPEALS**

THIS CAUSE came before the Court for hearing on March 1, 2012 upon the *Motion to*

*Reconsider and Vacate Dismissal of Appeal* [11-17047, D.E. 501, and 11-17061, D.E. 433], the

notices of joinder in the motion and the responses thereto.  The record reflects that the Court

dismissed the notice of appeal filed by Areal Group as untimely [11-17047, D.E. 496, and 11-

17061, D.E. 432].  Although, the District Court has jurisdiction over appeals from this Court, the Court has the authority to dismiss appeals in certain circumstances, as authorized and specifically set forth in Local Rule 87.4, S.D. Fla. L.R.   As noted in the aforementioned orders, dismissal of the appeal was based upon Bankruptcy Rule 8002 and the filing of the notice of appeal more than fourteen days after the entry of the order from which the appeal is taken.

Areal Group, the dismissed Appellant, requested that the Court reconsider the dismissal of its appeal on the basis that its notice of appeal was timely filed pursuant to Bankruptcy Rule 8002 because its notice was filed "within 14 days of the date on which the first notice of appeal was filed."[1]

Appellees concede that Areal Group's notice of appeal was filed within fourteen days of the initial notice of appeal; however, the Appellees object to reconsideration and contend that dismissal of the appeal was proper because Areal Group was not a "party" to the litigation and the additional time permitted under Bankruptcy Rule 8002 therefore does not apply to Areal Group.   The Appellees argued that Areal Group does not have standing to appeal and the dismissal should stand.

Areal Group argues that the time requirements of Bankruptcy Rule 8002, including the term "party" as used in subsection (a), apply to party appellants rather than parties to the underlying litigation and, accordingly, its notice of appeal was timely filed.  The Court agrees.

**A.  The Notice of Appeal was Timely Filed Pursuant to Bankruptcy Rule 8002(a)**

Bankruptcy Rule 8002 applies to all party appellants irrespective of whether they were parties to the underlying litigation.   As noted by the Eleventh Circuit Court of Appeals, this is especially true in bankruptcy cases. *Westwood Community Two Assoc. v. Barbee,* 293 F.3d 1332

---

[1]     The Court notes that other notices of appeal were dismissed upon the same grounds and those appellants have filed joinders in the motion to reconsider by Areal Group.

(11th Cir. 2002)(adopting the "person aggrieved doctrine"[2] to determine standing to appeal an order of the bankruptcy court).  In *Westwood,* the Eleventh Circuit adopted the reasoning of the other circuit courts which have addressed the issue, noting that:

> this prudential limitation 'exists to fill the need for an explicit limitation on standing to appeal in bankruptcy proceedings. This need springs from the nature of bankruptcy litigation which almost always involves the interests of persons who are not formally parties to the litigation. In the course of administration of the bankruptcy estate disputes arise in which numerous persons are to some degree interested. Efficient judicial administration requires that appellate review be limited to those persons whose interests are directly affected.' *Id.* at 1335 (citations omitted).

Thus, "persons who are not formally parties to the litigation" may nonetheless be party appellants under Bankruptcy Rule 8002.

Bankruptcy Rule 8002(a) provides that "if a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed,…"  Bankruptcy Rule 8002(a) applies to all party appellants and is not limited to parties joined in the underlying litigation.  This analysis is supported by the authority cited by Appellant, including *Maiz v. Virani*, 311 F.3d 334 (5th Cir. 2002).  In *Maiz,* the Fifth Circuit Court of Appeals addressed the issue of whether two non-parties to the underlying litigation (Sanig and Tres Vidas) had standing to appeal a district court's judgment, and whether the second filed notice of appeal was timely.  The court held that even though Tres Vidas was a non-party to the underlying litigation, it is placed "in the same position as a party-appellant with regard to its appeal." *Id*.  Further, the court held that, because there was no dispute that Sanig's

---

[2] "The person aggrieved doctrine is widely established in bankruptcy law. Our predecessor, the former Fifth Circuit, defined "aggrieved" parties in the bankruptcy context as "those parties having a 'direct and substantial interest in the question' being appealed.  Courts have widely agreed that the person aggrieved doctrine limits standing to appeal a bankruptcy court order to those individuals who have a financial stake in the order being appealed. A person has a financial stake in the order when that order "diminishes their property, increases their burdens or impairs their rights." *Id* at 1335 (citations omitted).

notice of appeal was timely filed and Tres Vidas' notice of appeal was filed within 14 days of Sanig's notice of appeal, Tres Vidas' notice of appeal qualified as timely filed under the "multiple appeal" rule set forth in Federal Rule of Appellate Procedure 4(a)(3). *Id*. at 339.

The notice of appeal filed by Areal Group was undisputedly filed within the time requirements of Bankruptcy Rule 8002(a), and the Court holds that the "multiple appeal" rule set forth in Bankruptcy Rule 8002(a) applies equally to all party appellants even if they were not formally parties to the litigation below.

The Court's dismissal of the appeal filed by Areal Group was based exclusively on an issue of timing. Based on the foregoing analysis and the undisputed timing of the notice of appeal, the Court determines it appropriate to reconsider and vacate its order dismissing Areal Group's notice of appeal.

### B. Standing is a Matter for Determination by the District Court

At the hearing on the motion to reconsider, Appellees argued that Areal Group does not have standing to appeal and therefore should not be considered a party for purposes of Bankruptcy Rule 8002(a). In response, in addition to asserting that it has standing to appeal, Areal Group argued that the issue of standing has not been raised by proper motion, nor fully presented to the Court, and that standing is a matter for the appellate court's determination (in this case the District Court) and which this Court cannot (and should not) decide.

This matter is before the Court on the motion to reconsider this Court's order of dismissal. The issue of standing was not considered by the Court when dismissing the appeal as untimely. The issue of standing is a factual matter which was not tried by the Court. It has been widely recognized that whether a litigant has standing to appeal a Bankruptcy Court ruling (e.g., whether an appellant is a "person aggrieved") is a question of fact to be resolved by the District

Court.  9E Am. Jur. 2d Bankruptcy § 3811 (who may appeal).  *See In re Fryer*, 235 Fed.Appx. 951, 954 (3d Cir. 2007); *Depoister v. Mary M. Holloway Found.,* 36 F.3d 582, 585 (7th Cir. 1994); *In re Dykes*, 10 F.3d 184, 188 (3d Cir. 1993); *In re El San Juan Hotel*, 809 F.2d 151, 154 n.3 (1st Cir. 1987); *Big Shanty Land Corp. v. Comer Properties, Inc.*, 61 B.R. 272, 277 (N.D. Ga. 1985); *In re Victory Markets, Inc.,* No. 95-CV-1619, 1996 WL 365675, *3 (N.D.N.Y. Jun. 21, 1996); *In re E.C. Ernst, Inc.,* 2 B.R. 757, (S.D.N.Y. 1980) (citing *In re Capitano*, 315 F.Supp. 105 (E.D.La.1970) and *In re Camp Packing Co.*, 146 F.Supp. 935 (N.D.N.Y.1956)).

In addition, the Court's authority to dismiss appeals, as granted by the District Court, is expressly limited.  The grant and scope of such authority is provided in Local Rule 87.4 which states in pertinent part:

> **(b) Limited Authority of Bankruptcy Court to Dismiss Appeals Prior to Transmittal of Record to District Court.** The Bankruptcy Court is authorized and directed to dismiss an appeal for (1) appellant's failure to pay the prescribed filing fees; (2) failure to comply with the time limitations specified in Federal Rule of Bankruptcy Procedure 8002; and (3) appellant's failure to file a designation of the items for the record or copies thereof or a statement of the issues as required by Federal Rule of Bankruptcy Procedure 8006, and Local Bankruptcy Rule 8006-1. The Bankruptcy Court is further authorized and directed to hear, under Federal Rule of Bankruptcy Procedure 9006(b), motions to extend the foregoing deadlines and to consolidate appeals which present similar issues from a common record. Bankruptcy Court orders entered under this subsection may be reviewed by the District Court on motion filed in the District Court within fourteen (14) days after entry of the order sought to be reviewed pursuant to section (c) of this Local Rule.

S.D. Fla. Local Rule 87.4 (Dec. 1, 2011).

Once an appeal is taken, the trial court is divested of jurisdiction over those matters on appeal; however, the District Court has expressly authorized the Bankruptcy Court to hear

certain matters before the record has been transmitted to the District Court.[3]   This authority is limited to those procedural matters set forth in Local Rule 87.4.

The issue of standing to appeal is not only a substantive issue, but it is a matter within the District Court's subject matter jurisdiction.  *See e.g.  Shain v. Ellison,* 356 F.3d 211, 215 (2d Cir. 2004) ("If Shain lacks standing, we lack subject matter jurisdiction to entertain a request for such relief").   In fact, the Supreme Court has stated that standing represents "perhaps the most important" of all jurisdictional requirements.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); see also *Thompson v. County of Franklin*, 15 F.3d 245, 247-48 (2d Cir. 1993).  The District Court has an obligation to assess its own subject matter jurisdiction and it is a substantive matter on appeal that is best decided by the District Court.

The issue of standing of all appellants will ultimately be addressed by the District Court, and this Court believes it is neither appropriate nor necessary for the Bankruptcy Court to undertake a determination on the issue of the Appellants' standing before the District Court in piecemeal fashion.  Accordingly, it is

ORDERED AND ADJUDGED as follows:

1.  The *Motion to Reconsider and Vacate Dismissal of Appeal* [Case 11-17047, D.E. 501] and the *Motion to Reconsider and Vacate Dismissal of Appeal* [Case 11-17061, D.E. 433] are GRANTED.

2.  The Notice of Appeal by Areal Group is reinstated and the deadlines pursuant to Bankruptcy Rule 8002 and 8003 shall run beginning with the date of the entry of this Order.

### 

---

[3]      The Court notes that since the hearing on the instant motion, the record related to the appeals which have not been dismissed has been transmitted to the District Court.