IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

_____

IN RE:

FISHER ISLAND INVESTMENTS, INC., MUTUAL
BENEFITS OFFSHORE FUND, LTD. AND LITTLE REST TWELVE, INC.

_____

Bankruptcy Court Nos.

11-17047-AJC
11-17051-AJC
11-17061-AJC

_____

**STATEMENT OF ISSUES ON APPEAL**
_____

Appellant, Petitioning Creditors, Solby+westbrae Partners, 19 SHC, Corp., Ajna Brands, Inc., 601/1700 NBC, LLC, Axafina, Inc. and Oxana Adler, LLM by undersigned counsel, pursuant to 28 U.S.C. § 158 and Fed. R. Bankr. P. 8006, submits their statement of issues on appeal arising from the *ORDER DIRECTING PAYMENT OF FEES AND EXPENSES OF EXAMINER AND EXAMINER'S PROFESSIONALS* (Cristol J.) entered on October 11, 2012 (Case Nos. 11-17047, D.E. 664; 11-17051, D.E. 484; 11-17061, D.E. 593), and the resulting *FINAL JUDGMENT* (Case Nos. 11-17047 - DE 770, 771; 11-17051- DE 672, 673; 11-17061- DE 699)[1]:

1. Whether the Bankruptcy Court erred in assessing fees and costs of the Examiner against non-Debtor parties, and specifically the Petitioning Creditors.

2. Whether the Bankruptcy Court erred in assessing fees and costs of the Examiner against the Petitioning Creditors without notice and opportunity to be heard.

---

[1] An appeal was previously taken regarding this issue and, pursuant to Bankruptcy Rule 8002, perfected upon entry of the Final Judgment.

3. Whether the Bankruptcy Court erred in assessing fees and costs of the Examiner without request for such relief by the Examiner or his counsel.

4. Whether the assessment of fees and costs was excessive or unreasonable.

5. Whether the Bankruptcy Court erred in assessing the Examiner's fees against the Petitioning Creditors after precluding the parties from conducting discovery of the Examiner, including his deposition, in order to ascertain the reasonableness and appropriateness of his fees.

6. Whether the relief entered against the Petitioning Creditors was properly noticed for hearing.

7. Whether the Bankruptcy Court erred in assessing joint and several liability for the Examiner's fees and costs among the Petitioning Creditors.

8. Whether the Bankruptcy Court erred in requiring a party's payment of fees in excess of the amounts set forth in the Court's prior orders.

9. Whether the Bankruptcy Court erred in assessing fees and costs against the Petitioning Creditors without dismissal of the involuntary petition.

10. Whether the Bankruptcy Court erred in assessing the fees against Oxana Adler, either jointly or severally, in light of her motion to withdraw her petition before the Examiner incurred the substantial amount of his fees and expenses.

11. Whether the Bankruptcy Court erred in entering final orders assessing the fees and costs of the Examiner prior to a final award of compensation to the Examiner pursuant to 11 U.S.C. §330.

12. Whether the Bankruptcy Court erred in entering final judgment assessing the fees and costs of the Examiner against Petitioning Creditors.

Respectfully submitted,

RICE PUGATCH ROBINSON & SCHILLER, P.A.
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300
Attorneys for Appellants

/s/ Chad P. Pugatch, Esq.
Florida Bar No. 220582
/s/ Craig A. Pugatch, Esq.
Florida Bar No. 653381